OPINION
PER CURIAM.
Petitioner Cynthia Keyrupan petitions for review of the Board of Immigration Appeals’ (“BIA”) June 6, 2008 order denying her motion to reopen her immigration proceedings. We will deny the petition.
I.
Cynthia Keyrupan is a practicing Christian and citizen of Indonesia. She entered the United States on September 10, 2001, as a non-immigrant B-2 visitor. On December 26, 2001, Keyrupan filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”).
At an April 19, 2004 evidentiary hearing, Keyrupan stated that she came to the United States to escape violence and discrimination directed against her because she is an ethnic Chinese Christian. The Immigration Judge (“IJ”) denied Keyru-pan’s application for asylum, finding that the harm demonstrated did not rise to the level of past persecution. With no presumption due to past persecution, Keyru-pan was unable to demonstrate that she would be targeted for future persecution. Keyrupan appealed the IJ’s ruling and, on December 28, 2005, the BIA affirmed. Keyrupan did not petition this Court for review of that decision.
On January 11, 2008, Keyrupan filed a motion to reopen based on changed country conditions in Indonesia. The BIA denied the motion to reopen, finding that Keyrupan failed to establish changed country conditions sufficient to allow her to file beyond the ninety-day filing requirement for motions to reopen. Specifically, the BIA held that a 2007 United States Department of State Travel Warning (“2007 Travel Warning”) that Keyrupan offered as evidence in support of changed country conditions did not connect to her initial asylum claim. In addition, the 2007 Travel Warning did not apply to her because she is not a United States citizen. The BIA further noted that to the extent Keyru-pan’s motion could be construed as requesting asylum for her son, such a request was not relevant to her motion to reopen.[1] As a result, the BIA dismissed the motion to reopen as untimely.
II.
Although we have jurisdiction to review the BIA’s order denying Keyrupan’s motion to reopen, see, e.g., Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir.2003), the scope of our review is quite limited. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Under the regulations, the BIA “has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.” 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations “plainly disfavor” such motions. INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Accordingly, the Court reviews the BIA’s denial of a motion to reopen for abuse of discretion with “broad deference” to its decision. Ezeagwuna, 325 F.3d at 409. Thus, in order to succeed on the petition for review, Keyrupan must ultimately show that the BIA’s discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994) (quotation omitted). Keyrupan has failed to make such a showing.
*226 III.
Keyrupan does not dispute that she filed an untimely motion to reopen. Instead, she argues that her motion should be considered pursuant to one of the exceptions to the time and number restrictions applicable to such motions. See 8 C.F.R. § 1003.2(c)(2). As mentioned above, the BIA found that Keyrupan was unable to demonstrate that there had been a “material change in circumstances in Indonesia since the date of the last hearing,” as required by 8 C.F.R. § 1003.2(e)(3)(ii) in order to avoid application of the time and numerical limitations.
Keyrupan argues that the BIA abused its discretion in denying the motion to reopen because the evidence of changed conditions set forth in her motion was both material and could not have been discovered at the previous hearing. First, we agree with the BIA that Keyrupan’s changed personal circumstance, i.e. the birth of her son, is distinct from changed circumstances arising in Indonesia. See Wang v. Board of Immigration Appeals, 437 F.3d 270, 273 (2d Cir.2006); see also Liu v. Attorney General, 555 F.3d 145, 150-51 (3d Cir.2009). Relief is appropriately denied “where a petitioner is seeking to reopen [her] asylum case due to circumstances entirely of [her] own making after being ordered to leave the United States.” Wang, 437 F.3d at 274.
We further agree with the BIA that Keyrupan did not demonstrate changed country conditions in Indonesia as required by the regulations governing motions to reopen. The sole document that Keyrupan produced with her motion in support of this argument — a 2007 Travel Warning — does not demonstrate that conditions for non-Muslims in Indonesia have significantly deteriorated since she was denied asylum. The 2007 Travel Warning warns of potential terrorist attacks directed against “American or other Western citizens and interests.” The warning does not extend to Indonesian citizens nor does it discuss the treatment of Chinese Christians living in Indonesia.
Although Keyrupan now claims that “[t]here is no question that none of the evidence of changed circumstances was available at the time of [her] initial hearing,” a review of the administrative record shows that her attorney advanced essentially the same argument in support of her April 2005 appeal to the BIA. (See A.R. 58, 62) (“a travel advisory from our government advises Americans to keep clear of Indonesia” and “[o]ur government believes Indonesia is a dangerous place and has issued travel warnings for Americans to keep away.”) Therefore, it is clear that United States citizens were being warned about travel to Indonesia during the pen-dency of Keyrupan’s earlier appeal to the BIA. Accordingly, Keyrupan’s sole argument supporting her motion to reopen is only cumulative to the previous proceedings. Furthermore, even if the 2007 Travel Warning described increased risk for United States citizens traveling to Indonesia as compared to earlier warnings, such information alone would not amount to a material change in country conditions.
Having found no abuse of discretion on the part of the BIA in denying Keyrupan’s untimely filed motion to reopen, we will deny the petition for review.

. Keyrupan's son, a United States citizen, was born on July 12, 2007.